■ ANDREW W. DIXON, on Behalf of Himself and Others Subscribing to Insurance Policy SCB 200528/92 Issued at Lloyd's London, Appellant, v CARRERA Y CARRERA, INC., Respondent. [618 NYS2d 642] —Judgment, Supreme Court, New York County (Stephen Crane, J.), entered on or about November 15, 1993, which, upon cross motions for summary judgment, inter alia, declared that plaintiff insurer is obligated under a jewelers' block insurance policy to pay defendant insured for loss of jewelry stolen from the home of an individual to whom the jewelry had been consigned, and awarded damages in favor of the insured and against the insurer in the amount of the policy coverage less the deductible, unanimously affirmed, with costs.

To apply the unattended vehicle exclusion where, as here, the jewelry was locked inside the insured's car and the car was parked inside of a locked, private garage that was part of the insured's house, would be to reach an absurd result that penalizes greater security precautions and rewards lesser ones. Had the jewelry been removed from the car and placed instead on the floor of the garage, or on a shelf, the exclusion clearly would not apply since the garage is not a location within its terms, making it "fortuitous" and irrelevant that the jewelry also happened to be in an "unattended" vehicle. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.